FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 19, 2022

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERONICA W.,[1] | No. 2:20-CV-00334-ACE |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | **ECF No. 16, 20** |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 20. Attorney Christopher H. Dellert represents Veronica W. (Plaintiff); Special Assistant United States Attorney Danielle R. Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1]To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits in October 2017, Tr. 199, 205, alleging disability since October 16, 2017, due to weight loss and stomach problems.  Tr. 227.  The applications were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) M. J. Adams held a hearing on September 17, 2019, Tr. 35-63, and issued an unfavorable decision on October 1, 2019, Tr. 15-29.  The Appeals Council denied Plaintiff's request for review on July 24, 2020.  Tr. 1-6.  The ALJ's October 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 17, 2020.  ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born on February 16, 1971, Tr. 199, and was 46 years old on the amended alleged disability onset date, October 16, 2017, Tr. 227.  She completed high school and one year of college, Tr. 39, 228, and has past work as a bus driver/teacher's aide and a casino attendant.  Tr. 44-46.

Plaintiff's disability report indicates she stopped working on October 16, 2017 because of her conditions.  Tr. 227.  At the administrative hearing, Plaintiff initially testified she stopped working because she was missing a lot of time due to vomiting, but then indicated she was not able to hold her commercial driver's license after testing positive for cannabis from using CBD oil.  Tr. 41-42.  She later stated she was "too sick and . . . weak" and had been losing the feeling in her hands and feet.  Tr. 46-47.  Plaintiff explained the loss of feeling in her hands caused her to drop things and her walking was "shaky."  Tr. 47, 51.  She stated she also has an issue with vomiting and diarrhea.  She indicated she vomits three or four times a day, seven to 10 days a month.  Tr. 47-48.  Plaintiff testified a medical provider had explained that marijuana can cause cyclical vomiting and had advised her to
///

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

stop using it.  Tr. 44.  She stated she had ceased using marijuana and only used a topical CBD cream for body aches.  Tr. 44.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the claimant

bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 1, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 16, 2017, the alleged disability onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: peripheral neuropathy, irritable bowel syndrome, and somatoform disorder. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she could lift and/or carry 20 pounds occasionally and 10 pounds frequently; she could sit for about six hours in an eight-hour workday with the usual breaks if she could get up and stretch every half-hour; she could stand for six hours, and could walk, only limited by balance to occasional; she could push and/or pull with the bilateral upper and lower extremities occasionally; she could occasionally climb ramps and

stairs, could not climb ladders, ropes or scaffolds, and could occasionally balance, stoop, kneel, crouch, and crawl; she had no limitations on reaching in any direction and could frequently handle, finger, and feel bilaterally; she had to avoid exposure to hazardous machinery or work at unprotected heights; she could understand, remember, and carry out simple and detailed or complex instructions related to previously learned work tasks and could make judgments on simple and detailed or complex work-related issues related to previously learned work tasks; she could respond appropriately to supervision and co-workers and deal with occasional changes in the work environment; and she had no difficulty working with the public.  Tr. 20-21.

At step four, the ALJ found Plaintiff was able to perform her past relevant work as a casino attendant.  Tr. 27-28.

The ALJ determined alternatively at step five that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of teacher aide, bagger, and marker.  Tr. 28-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 16, 2017, the alleged onset date, through the date of the ALJ's decision, October 1, 2019.  Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred by:  (1) failing to provide specific, clear, and convincing reasons for discounting Plaintiff's allegations of pain and other symptoms; and (2) failing to provide specific and legitimate reasons for

///

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

discounting the examining medical source opinions of Catherine MacLennan, Ph.D., and William Drenguis, M.D.  ECF No. 16 at 1-3.

## DISCUSSION

### A.    Medical Opinion Evidence

Plaintiff asserts the ALJ erred by failing to properly consider the medical opinion evidence of record.  ECF No. 16 at 15-20.  Plaintiff specifically asserts the ALJ erred by failing to provide specific and legitimate reasons for discounting the examining opinions of Catherine MacLennan, Ph.D., and William Drenguis, M.D. ECF No. 16 at 17-20.

Defendant responds the ALJ reasonably found the opinions of Drs. Drenguis and MacLennan were unpersuasive.  ECF No. 20 at 12-21.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources.  20 C.F.R. § 416.920c(a).  Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an acceptable medical source. 20 C.F.R. § 416.920c(c).  The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  *Id.*  The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he or she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 416.920a(b).  The

ALJ may explain how he considered the other factors, but the ALJ is not required to except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

### 1.    Catherine MacLennan, Ph.D.

On January 26, 2018, psychologist Catherine A. MacLennan, Ph.D., examined Plaintiff on behalf of the Division of Disability Determination Services. Tr. 451-455. Dr. MacLennan diagnosed Somatic Symptom Disorder, Tr. 454, and noted the mental status examination was within normal limits other than Plaintiff's difficulty with recall and recognition of simple words, Tr. 455. She indicated "I would think her extreme pain level would often interfere with sustained concentration, pace and persistence." Tr. 455.

The ALJ found the opinion of Dr. MacLennan was not entirely persuasive. Tr. 26-27. He held the statement that Plaintiff experienced extreme pain was not supported in the examination report, other than Plaintiff's own statements, and was inconsistent with the medical evidence of record. Tr. 27. The ALJ noted Dr. MacLennan specifically observed Plaintiff demonstrated no pain behaviors or any psychomotor activity, Tr. 453, which indicated Plaintiff was not in extreme pain

during the examination, Tr. 27.  The ALJ further noted Plaintiff's statement regarding marijuana usage (indicating she had not been consuming or smoking marijuana, only using ointments for pain) was inconsistent with her other reports documented in the record (using cannabis to help with sleep and appetite and smoking marijuana almost daily).  Tr. 27.

With respect to supportability, the ALJ noted the statement that Plaintiff experienced extreme pain was not supported in the report, other than Plaintiff's own statements, and that Plaintiff demonstrated no pain behaviors or any psychomotor activity during the examination.  Tr. 27.  However, just because it is noted that Plaintiff displayed no pain behaviors on exam, it does not negate other findings by Dr. MacLennan or Dr. MacLennan's professional assessment. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (psychiatric reports may appear subjective due to the relative imprecision of psychiatric methodology).

With respect to consistency, the ALJ stated only that the opinion was not supported by "the medical evidence of record," but failed to discuss the medical opinion's consistency with the rest of the record.  Tr. 26-27.  As asserted by Plaintiff, ECF No. 16 at 17, the record contains ample documentation of Plaintiff's treatment for abdominal pain and gastrointestinal symptoms.  *See* Tr. 346, 354, 369, 377, 381, 385, 393, 403, 407, 415, 421, 430, 435, 439-440, 445-446.  Plaintiff received injectable anti-nausea medications as well as narcotic pain medications for her gastrointestinal issues and pain throughout the relevant time period.  *Id.* The Court finds, consistent with Dr. MacLennan's report, the record is replete with instances of Plaintiff suffering from abdominal pain and gastrointestinal symptoms.  The ALJ's interpretation of the report as being inconsistent is not supported by substantial evidence.

The ALJ also took issue with Plaintiff's apparent inconsistent statements to her medical providers, including Dr. MacLennan, regarding her usage of marijuana.  Tr. 27.  However, Dr. MacLennan's report specifically states,

"[Plaintiff] reported she used marijuana." Tr. 451. Contrary to the ALJ's conclusion, this statement is not inconsistent with Plaintiff's earlier report she was using cannabis to help with sleep and appetite and later admissions to using marijuana almost daily. Tr. 27. Moreover, as indicated by Plaintiff, ECF No. 16 at 18, the ALJ did not explain how Plaintiff's marijuana usage was relevant to a determination regarding the reliability of Dr. MacLennan's opinion.[3] Whether Plaintiff consumed marijuana or only used CBD topical creams does not appear to be material to Dr. MacLennan's psychiatric assessment.

Defendant's brief mentions that an ALJ does not err in disregarding medical opinions that rely on self-reports of pain when the pain complaints are unreliable due to exaggeration and/or drug-seeking behavior. ECF No. 20 at 19. However, again, the ALJ did not invoke these factors in the context of evaluating Dr. MacLennan's opinion. Tr. 26-27. The Court is constrained to review only the reasons provided by the ALJ and may not affirm on a ground upon which the ALJ did not rely. *Orn*, 495 F.3d at 630.

Based on the foregoing, the Court finds the ALJ's analysis as to Dr. MacLennan is not supported by substantial evidence. Because the ALJ erred by failed to adequately evaluate Dr. MacLennan's opinion in terms of its consistency and supportability, this matter must be remanded.[4]

---

[3]Defendant's brief elaborates on how an inaccurate statement regarding Plaintiff's marijuana use may have undermined Dr. MacLennan's opinion, ECF No. 20 at 20; however, this was not a basis considered or discussed by the ALJ for discounting Dr. MacLennan's opinion in this case. *See Orn v. Astru*, 495 F.3d 625, 630 (9th Cir. 2007).

[4]The Court notes that the commentary to the revised regulations specifically indicates that the intent in the new rules was "to make it clear that it is never appropriate under our rules to 'credit-as-true' any medical opinion." *Revisions to*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.    William Drenguis, M.D.**

On March 8, 2018, William Drenguis, M.D., completed a physical examination of Plaintiff.  Tr. 458-462.  Dr. Drenguis diagnosed cyclic vomiting syndrome and idiopathic sensory ganglionopathy and opined Plaintiff would need to brace herself to maintain her balance, could only sit a maximum of four hours due to abdominal pain, and had postural and manipulative restrictions.  Tr. 462.

The ALJ found the opinion of Dr. Drenguis not fully persuasive.  Tr. 25-26.  The ALJ indicated the assessed limitations associated with balance were inconsistent with the treatment records (*see* Tr. 539 notation Plaintiff had not had any falls and was reluctant to use gait aides); Dr. Drenguis provided no support for the assessed manipulative limitations, other than citing Plaintiff's condition of peripheral neuropathy; Dr. Drenguis relied on Plaintiff's subjective statements during the one-time examination, which were inconsistent with the longitudinal treatment records; and the opinion was inconsistent with the minimal physical examination findings.  Tr. 26.

Because this case must be remanded for further consideration of the persuasiveness of Dr. MacLennan's opinion, the Court finds the ALJ shall also be directed to reevaluate Dr. Drenguis' opinion regarding Plaintiff's physical functioning and readdress its supportability and consistency with other evidence in the record.

**B.    Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ erred by failing to provide specific, clear, and convincing reasons for discounting her allegations.  ECF No. 16 at 3-15.  Defendant responds the ALJ reasonably found Plaintiff's allegations of disabling

///

_____

*Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017).

pain and gastrointestinal symptoms were inconsistent with the evidence of record. ECF No. 20 at 2-12.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 21.

The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) Plaintiff's allegations are inconsistent with her statements to treating providers and others; (2) inconsistent with Plaintiff's allegations of extremely limiting physical conditions, there are minimal and mild physical examination findings throughout the record; (3) inconsistent with Plaintiff's allegations of pain and extreme gastrointestinal symptoms, there is a lack of observations of Plaintiff in distress or discomfort; (4) Plaintiff's performance on mental status examinations is inconsistent with her allegations of extremely limiting mental health symptoms; (5) inconsistent with her allegations of

extremely limiting mental health symptoms, there are minimal observations of psychiatric difficulties; (6) Plaintiff's activities throughout the relevant time period are inconsistent with her allegations of extremely limiting symptoms; (7) the frequency or extent of the treatment sought by Plaintiff is not comparable to the degree of her subjective complaints; and (8) Plaintiff did not follow through with treatment recommendations.  Tr. 22-25.

While some of the above reasons provided by the ALJ for discounting Plaintiff's subjective complaints may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy the ALJ's errors pertaining to Plaintiff's functioning during the relevant time period.  *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for additional proceedings.  ECF No. 16 at 2.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id*.  Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reassess Plaintiff's mental impairments and limitations.  The ALJ shall reevaluate the report of Dr. MacLennan, specifically addressing the supportability of the opinion that pain would often interfere with Plaintiff's ability to sustain concentration, persistence, and pace and its consistency with other evidence of record.  The ALJ shall further develop the record by directing Plaintiff to undergo a new consultative psychological examination to

assist the ALJ in assessing Plaintiff's functioning during the relevant time period. The ALJ shall also reassess Plaintiff's physical functioning.  The ALJ shall reexamine the report of Dr. Drenguis and readdress the supportability and consistency of his opinion in compliance with the new regulations.  The ALJ shall additionally reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.  Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3.    The matter is **REVERSED and REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 19, 2022.



_____

ALEXANDER C. EKSTROM

UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13